UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEREMY LETOURNEAU,

                    Plaintiff,
                                                    **Hon. Hugh B. Scott**

              v.                                    **18CV582**

                                                    **CONSENT**

ANDREW SAUL, COMMISSIONER,                          **Order**

                    Defendant.

          Before the Court are the parties' respective motions for judgment on the pleadings

(Docket Nos. 13 (plaintiff), 17 (defendant Commissioner)).   The parties here consented to

proceed before a Magistrate Judge (Docket No. 19, reassignment Order of July 9, 2019).

Having considered the Administrative Record, filed as Docket No. 8 (references noted as "[R.

__]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

          This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled

to Supplemental Security Income benefits.   This matter is on remand from an earlier judicial

review, Lisanby o/b/o J.M.L. v. Colvin, No. 13CV862.

## PROCEDURAL BACKGROUND

          The plaintiff ("Jeremy Letourneau" or "plaintiff") through his mother, Julie Lisanby,

filed an application for disability insurance benefits on May 19, 2009 [R. 758, 763].   That

application was denied initially.   The plaintiff and Lisanby appeared before the first

Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written

decision dated June 16, 2011, that the plaintiff was not disabled within the meaning of the Social

Security Act [R. 23, 820].   On June 28, 2013, the Appeals Council denied plaintiff's request for

review [R. 1, 844].

Plaintiff's mother sought judicial review, Lisanby o/b/o J.M.L. v. Colvin, supra,

No. 13CV862 ("Lisanby").   On November 2, 2015, Magistrate Judge Jeremiah McCarthy

rendered a Report & Recommendation, Lisanby, Docket No. 15 [R. 853], recommending remand

of this case for the ALJ's failure to consider a closed period of twelve months, id. at 7-10

[R. 859-62].   Magistrate Judge McCarthy recommended remand for credibility assessment,

appropriate consideration of the infant domains, and reconsider whether plaintiff met the mental

health Listings, id. at 10-16, 16-21, 21-22 [R. 862-68, 868-73, 873-74].   Judge Richard Arcara

adopted this Report on January 12, 2016, Lisanby, Docket No. 16 [R. 851].

Upon remand [R. 876], a second ALJ conducted a hearing on December 15, 2017 [R.758,

786].   That ALJ rendered a written decision on March 1, 2018, again finding plaintiff was not

disabled [R. 758].   This decision became the final decision of the Commissioner when

administrative review by the Appeals Council was not sought [R. 755].

Plaintiff commenced this action on May 21, 2018 (Docket No. 1).   The parties moved

for judgment on the pleadings (Docket Nos. 13, 17), and plaintiff duly replied (Docket No. 18).

Upon further consideration, this Court then determined that the motions could be decided on the

papers.

## FACTUAL BACKGROUND

Plaintiff, an adolescent at the date of application (May 19, 2009) [R. 761], was born on November 17, 1995 [R. 761], and turned 18 years of age on November 17, 2013 [R. 26, 758; see R. 788] (see Docket No. 13, Pl. Memo. at 4).   He did not engage in substantial gainful activity [R. 761].   Plaintiff worked after he turned 18 in 2014 and 2015 and was working in 2017 at the time of the second hearing [R. 763].   Plaintiff testified that he graduated from high school in June 2013 [R. 803] and attended college [R. 790, 803].   He reported in his medical record in June 19, 2013, that he was attending Niagara County Community College in August or September 2013 [R. 1005].   Plaintiff requested a closed period of disability from July 2009 to November 16, 2013 (the day before his 18th birthday) [R. 789] (Docket No. 17, Def. Memo. at 12).

Plaintiff's mother, Julie Lisanby, claimed plaintiff was disabled as of the onset date of November 1, 2008 [R. 23].   Plaintiff claims the following impairments deemed severe by the ALJ:   mild fibromyalgia, mild depression, and anxiety [R. 763].

## MEDICAL AND VOCATIONAL EVIDENCE

For the third infant analysis step, and applying the infant functional domains, the ALJ found that plaintiff was less than marked for each of the six domains [R. 766-71].   As for acquiring and using information, the ALJ found that plaintiff had an average to above average intelligence [R. 767, 366 (Sept. 30, 2009, consultative examiner)], he received no special educational supports and graduated from high school and attended college [R. 767].   As for attending and completing tasks, the ALJ noted that plaintiff reported attention and focus difficulties and was prescribed Strattera and Abilify [R. 768].   The ALJ found that plaintiff's

attention, concentration, and focus was intact on consultative examination, leading to the ALJ's conclusion that this domain was less than marked [R. 768].

On interacting and relating with others, the ALJ stated that plaintiff exhibited anxiety and refused to attend school, but plaintiff engaged in mental health treatment and, after placement in an alternative school environment, plaintiff's mental health improved [R. 769]. The ALJ thus found that this domain was less than marked limitation [R. 769]. On moving about and manipulating objects, plaintiff had polyarthritis syndrome described either as fibromyalgia and juvenile rheumatoid arthritis [R. 769]. Plaintiff complained of joint pain, particularly in his knees and feet, and fatigue [R. 769, 369, 1097]. Plaintiff was treated with medication that his rheumatologist was pleased with plaintiff's response to that regime [R. 769]. The rest of plaintiff's limitations related to anxiety [R. 769]

As for self-care, the ALJ noted plaintiff's refusals to attend school and decreased interest in maintaining his personal care [R. 770]. These symptoms had improved with plaintiff attending an alternative school, medication, and counseling, allowing plaintiff to complete high school and attend college [R. 770]. Finally, on health and physical well-being, the ALJ again noted plaintiff's polyarthritis syndrome and the prescribed medication to treat that condition [R. 771]. For both of these domains, the ALJ concluded that plaintiff's limitations were less than marked [R. 770, 771].

Since none of the domains were "marked" or worse, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met, medically equaled any listing or functionally equaled a listing, thus plaintiff was not disabled [R. 771].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

I.      Infant Disability Standard

During the relevant period of plaintiff's claimed disability, he was an infant. For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A claimant under 18 years of age, such as the claimant here, is "disabled" under the Social Security Act if he has a medically determinable physical or mental impairment (or combination of impairments) that result in "marked and severe functional limitations," and the impairment or impairments must have lasted or expect to last for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C) (see Docket No. 14, Def. Memo. at 11). Under the applicable regulations, the infant claimant must show that he is not working, that he has a "severe" impairment or combination of impairments, and that his impairment or

combination of impairments was of listing-level severity, that is met, medically equaled, or functionally equaled the severity of listed impairments, 20 C.F.R. § 416.924.

Functional equivalence of limitations, in turn, are evaluated on six domains: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being, id. § 416.926a(b)(1)(i)-(vi). Marked limitations in two domains of functioning or an extreme limitation in one domain constitutes a functional equivalent to a listed impairment, id. § 416.926a(d). Each domain is evaluated on whether the claimant has no limitation, is less than marked, marked, or extreme limitation, id. § 416.926a(b)(1).

"Marked" limitation for a domain is when a claimant's impairment(s) "interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities," id. § 416.926a(e)(2)(i).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from working. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether the claimant is suffering from a disability, the ALJ must employ a multi-step inquiry:

> (1) whether the claimant is engaged in substantial gainful activity;
>
> (2) whether the claimant suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations, as assessed for the six domains of infant functioning.

20 C.F.R. § 416.924(a)-(d); see 20 C.F.R. §§ 416.920, 416.972, 416.923, 416.926, 416.926a; see Berry, supra, 675 F.2d at 467.   If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.   20 C.F.R. § 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).   However, it should be noted that the ALJ has an affirmative duty to fully develop the record.   Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

II.     Treating Source Standard for Pre-March 2017 Claims

Plaintiff's January 2015 claim predates changes to the treating opinion regulations.   The treating physician rule applies to claims filed before March 27, 2017, 20 C.F.R. §§ 404.1527, 416.927 (2017), such as this one.   On March 27, 2017, the current version of the SSA regulations eliminates the treating physician's rule for applications filed on or after that date, 20 C.F.R. §§ 404.1520c, 416.920c.   E.g., Barco v. Comm'r, 330 F. Supp. 3d 913, 918 n.2 (W.D.N.Y. 2018) (Wolford, J.) (treating physician rule applies for claim filed in December 2013); Tuper v. Berryhill, No. 17CV6288, 2018 U.S. Dist. LEXIS 149125, at *2, 8 & n.2 (W.D.N.Y. Aug. 31, 2018) (Payson, Mag. J.) (treating physician rule applies to claim filed May 2013).   The treating physician rule provided that

> A treating physician is entitled to controlling weight if it is well supported by clinical and laboratory techniques and is not inconsistent with other substantial evidence.   See 20 C.F.R. § 404.1527; see also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998) (discussing application of the treating physician rule). Additionally, "the Commissioner 'will always give good reasons'" for the weight given to a treating source opinion.   Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2); citing 20 C.F.R.

§ 416.927(d)(2)). While an ALJ may give less than controlling weight to a treating physician's opinion, he or she must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion."  Halloran, 362 F.3d at 33.   "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific. . . .'" Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9 at *12, 1996 WL 374188, at *5 (S.S.A. July 2, 1996) [(rescinded 2017)].

Taillon v. Comm'r, No. 17CV6812, 2019 U.S. Dist. LEXIS 53376, at *5 (W.D.N.Y. Mar. 28, 2019) (Telesca, J.).

Other sources aside from the treating physician will be considered by the same factors as treating sources, the examining relationship, the treatment relationship, whether the opinion is supported by relevant evidence, whether it is consistent with the record as a whole, whether it comes from a specialist, and other factors, see 20 C.F.R. § 416.927(c)(1)-(6), (f)(1), depending upon the particular facts in a case, id. § 416.927(f)(1).

III.     Remand for Calculation of Benefits

If plaintiff prevails, this Court either may remand for rehearing and further administrative proceedings or remand for the Commissioner to calculate benefits, 42 U.S.C. § 405(g).   For calculation of benefits, the ALJ's error must be so obvious that the Court in effect declares plaintiff to be disabled and remands to calculate amount of benefits, Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980), or where there is no reason to conclude that additional evidence might support the Commissioner's denial of disability, Butts v. Barnhart, 388 F.3d 377, 385-86 (2d Cir. 2004).   Where there are gaps in the administrative record or when the ALJ has applied an improper legal standard, remand to develop the record is appropriate rather than for calculation of benefits, Butts, supra, 388 F.3d at 385; Parker, supra, 626 F.2d at 235.

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the denial of disability coverage. Plaintiff argues that the ALJ did not properly evaluate the infant functional domains, contesting four of the six domains (attending and completing tasks; interacting and relating with others; caring for self; and health and physical well-being) in part based upon the apparently disregarded opinion of RPA Mark Pinzel (Docket No. 13, Pl. Memo. at 21-29).

Defendant responds that the ALJ properly assessed the level of functioning in each domain (Docket No. 17, Def. Memo. at 16-21).

Plaintiff also argues that the ALJ did not address the findings of Pinzel (Docket No. 13, Pl. Memo. at 29-34). On April 16, 2010, Pinzel completed a Child's Residual Functional Capacity Questionnaire, concluding that due to plaintiff's depression and juvenile rheumatoid arthritis plaintiff had extreme limitation in caring for self, and marked limitations for attending and completing tasks and interacting with others [R. 467-68] (id. at 31-32). By disregarding these findings, plaintiff argues that the error was harmful and, if that finding is given appropriate weight, this case should be remanded for calculation of benefits (id. at 24, 25).

Defendant counters that omitting Pinzel's findings were harmless error (Docket No. 17, Def. Memo. at 21-23). Defendant also claims that Pinzel's treatment notes (that plaintiff's anxiety and depression were under control and stable and plaintiff denied any musculoskeletal complaints) contradict his ultimate report (id. at 22).

A.    Contested Infant Domains

The initial decision by the ALJ found that plaintiff had marked limitations in health and physical well-being and found the other domains were less than marked [R. 23, 32-39, 859, Lisanby, Docket No. 15, R&R at 7].   Upon years of plaintiff's treatment and remand, however, the second ALJ found plaintiff was less than marked limitations for all six domains [R. 766-71], including health and physical well-being [R. 770-71].

Plaintiff argues that the second ALJ did not properly evaluate four of these functions (attending and completing tasks; interacting and relating with others; caring for self; and health and physical well-being) (Docket No. 13, Pl. Memo. at 21-29).   He contends that the ALJ cherry picked facts that support the ALJ's conclusion (id. at 22).   As for interacting and relating with others, plaintiff contends that the ALJ reached a conclusion that he improved in his alternative school without evidence (id. at 24-25).   Plaintiff points to Mark Pinzel's 2010 evaluation [R. 467-68] as part of the basis for more severe condition for four of the domains (id. at 22-23, 26, 27, 28-29), an opinion not cited by the ALJ (as considered below).   As for caring for self, plaintiff points to other evidence, issues he had with his personal hygiene, school attendance issues, that the ALJ did not acknowledge in its finding (id. at 27).   Plaintiff for this domain and the interaction domain states that Magistrate Judge McCarthy found the first ALJ had not provided substantial evidence to support a less than marked limitation findings (id. at 27-28, 25 [R. 871, 870, Lisanby, Docket No. 15, at 19, 18]).

This is effectively a closed period case, for the duration of plaintiff's infancy.   Plaintiff denies claiming any disability in his adulthood [R. 758].   Despite this, the ALJ cites to the adult disability standards in considering plaintiff's application [R. 761-62].   The ALJ considered

plaintiff's enrollment in college [R. 767 (acquiring and using information), 770 (caring for self)] (cf. Docket No. 17, Def. Memo. at 21). At a minimum, by so doing the ALJ discounts plaintiff's condition based upon his attending college at the end of the closed period.

During the period of 2008 to November 2013 plaintiff suffered arthritis and depression and anxiety, with plaintiff receiving medical treatment and placement in an alternative school until his graduation from high school. The ALJ focuses upon these improvements but does not consider (as discussed specifically below) limitations.

B.      PA Pinzel's Opinion

PA Pinzel opined that plaintiff had marked limitations in three domains (health and physical well-being; attending and completing tasks; interacting and relating with others) and extreme limitation in a fourth domain (caring for himself) [R. 467, 468] (Docket No. 18, Pl. Reply Memo. at 5 & n.4; Docket No. 13, Pl. Memo. at 31-32). He argues that an ALJ may not reject the opinion of an other source out of hand and must consider and decide the weight of that opinion (Docket No. 13, Pl. Memo. at 32).

Plaintiff argues that Pinzel's opinion should have been evaluated using the treating source factors, not ignored as was done here (Docket No. 18, Pl. Reply Memo. at 5, citing Fountain v. Berryhill, No. 17CV6172, 2018 WL 4658203, at *4 (W.D.N.Y. Sept. 27, 2018) (Feldman, Mag. J.) (Docket No. 20)). Defendant acknowledge that the ALJ did not discuss Pinzel's opinion but that omission was deemed harmless (Docket No. 17, Def. Memo. at 21).

The ALJ erred in applying post-March 2017 regulations to a 2010 application and defendant is incorrect that the 2017 regulations applied (but cf. Docket No. 17, Def. Memo. at 22 & n.3). Pinzel's 2010 findings establish more serious limitations than the ALJ recognized.

Since this is a closed period, rather than prospective analysis of disability, the fact that plaintiff may have improved over the duration of the closed period does not preclude finding that he was disabled during that period. The ALJ should have considered and discussed Pinzel's opinion and factor that in determining whether plaintiff was disabled between 2008 and 2013. On this ground, plaintiff's motion for judgment is **granted**.

C.    Remand for Calculation of Benefits

Plaintiff concludes that failure to consider Pinzel's opinion was harmful and, if granted controlling weight, a finding of disability would be required and thus the matter should be remanded for calculation of benefits (Docket No. 13, Pl. Memo. at 34, 35). This error, however, was not so obvious that the Court in effect declares plaintiff to be disabled and requires remand to calculate amount of benefits. Plaintiff's motion for this relief is **denied**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 13) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 17) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts (but not to calculate benefits at this time), pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*
_____
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
September 19, 2019